IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00650-CMA-MJW

GENOS "D.J." WILLIAMS

Petitioner,

v.

NATIONAL FOOTBALL LEAGUE,

Respondent.

---

**ORDER ON**
**MOTION FOR CLARIFICATION OF SCHEDULING ORDER, FOR THE RIGHT TO TAKE DEPOSITIONS AND STAY MOTIONS FOR SUMMARY JUDGMENT PENDING LIMITED DISCOVERY (Docket No. 42)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 7) issued by Judge Christine M. Arguello on March 16, 2012.

Petitioner Genos "D.J." Williams brought this matter to vacate arbitration awards upholding petitioner's suspension. Petitioner seeks an order permitting the deposition of arbitrator Harold Henderson, who issued the arbitration award, and Jeffrey Pash, general counsel for respondent National Football League. Petitioner argues the depositions are necessary to further address petitioner's claim that Mr. Henderson and Mr. Pash engaged in *ex parte* communications which prejudiced petitioner.

Judicial review of an arbitration award "is among the narrowest known to the law." Champion Boxed Beef Co. v. Local No. 7 United Food & Commercial Workers Int'l Union, 24 F.3d 86, 87 (10th Cir. 1994) (internal quotations omitted). "In consenting

to arbitration, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." Bowen v. Amoco Pipeline Co., 254 F.3d 925, 932 (10th Cir. 2001) (citation and internal quotations omitted). Accordingly, post-arbitration discovery is often prohibited. See, e.g., Amicorp Inc. v. Gen. Steel Domestic Sales, LLC, No 07-cv-01105-LTB-BNB, 2007 WL 2890089, at *5 (D. Colo. Sept. 27, 2007), aff'd, 284 Fed. Appx. 527 (10th Cir. 2008); Midwest Generation EME, LLC v. Continuum Chem. Corp., 786 F. Supp. 2d 939, 943 (N.D. Ill. 2010).

A party seeking vacatur must present "clear evidence of impropriety" to be allowed post-award discovery into potential arbitrator bias. See Lucent Techs. Inc. v. Tatung Co., 379 F.3d 24, 32 (2d Cir. 2004). Generally, in order to vacate an arbitration award due to *ex parte* communications, a party must show that those communications prejudiced the party. See Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1271 (10th Cir. 1999). Accordingly, petitioner is entitled to the discovery sought if he has presented clear evidence of prejudicial *ex parte* communications.

Respondent does not dispute that *ex parte* communications took place between Mr. Henderson and Mr. Pash following the arbitration hearing. In an email written by Mr. Henderson on January 19, 2012, Mr. Henderson stated that he "was asked [by Mr. Pash] to delay a decision on this matter to afford an opportunity for the parties to the governing collective bargaining agreement, the NFL and the NFLPA, to explore an agreed resolution of this dispute." (Def's Exh. 4, Docket No. 41). Petitioner argues he was prejudiced by this delay because the threat of suspension hung over his head for months instead of days. Further, petitioner argues the delay prevented him from

beginning his suspension during the 2011 season, and since petitioner's salary is higher in 2012, the delay thus cost him a larger cumulative amount of salary.

The court finds that petitioner has failed to present clear evidence that the *ex parte* communication between Mr. Henderson and Mr. Pash prejudiced him. The only evidence presented by petitioner, and the only prejudice claimed by petitioner, relate to the delay in Mr. Henderson's decision; petitioner has presented no evidence that Mr. Pash somehow influenced Mr. Henderson's ultimate decision. In other words, the *ex parte* communication involved an issue which is collateral to the arbitration award. Accordingly, petitioner has failed to demonstrate that the *ex parte* communication prejudiced him *with regard to the arbitration award*. Petitioner cannot request discovery on the basis of a collateral issue in order to seek evidence of actual arbitrator bias. Allowing petitioner to do so would be inconsistent with the objectives of arbitration and the limited nature of arbitration reviews.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that petitioner's Motion for Clarification of Scheduling Order, for the Right to Take Depositions and Stay Motions for Summary Judgment Pending Limited Discovery (Docket No. 42) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to Clarification of the Scheduling Order as outlined in detail below. The remainder of the Motion is **DENIED** as stated in detail below. It is further

**ORDERED** that petitioner's request to depose Mr. Henderson and Mr. Pash is **DENIED**. It is further

**ORDERED** that petitioner's request to stay any motions for summary judgment is

**DENIED**. It is further

**ORDERED** that the parties are to complete an "Administrative Record Review Scheduling Order" (form available on the court's website), adapting it where necessary for an arbitration review, and submit it no later than five days prior to the scheduling conference.

Date: May 4, 2012
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge